```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

EUGENE BUTLER, AIS # 107402,    *
                                *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION NO.:12-00558-KD-B
                                *
DR. LOPEZ,                      *
                                *
     Defendant.                 *
```

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Amended Complaint. (Doc. 9).**

Initially, Plaintiff filed this action in the Middle District of Alabama. (Doc. 1). After it was transferred to this Court, Plaintiff was ordered to file his Complaint on this Court's form for a § 1983 action, which he did. (Docs. 6, 9). It is this superseding Amended Complaint that is before the Court. (Doc. 9). The following is a description of Plaintiff's allegations.

1

While at Loxley Work Center from January to February, 2010, Plaintiff was prescribed medicine that "ate the lining [of his] stomach" by Dr. Lopez, the sole Defendant. (Id. at 4). Plaintiff contends that Defendant Lopez should not have given him the medicine and that Defendant Lopez waited two weeks to send Plaintiff to the hospital. (Id. at 5). On February 4, 2010, Plaintiff was transferred to Kilby Correctional Facility. (Id. at 4). Upon his arrival, Plaintiff was diagnosed as having elevated blood pressure and a temperature of 103 degrees. (Id.). He was rushed to Jackson Hospital where he was told that he needed emergency surgery or he would die. (Id.).

Surgery was performed, which resulted in Plaintiff having an ileostomy bag. (Id.). After surgery, Plaintiff was told that he had a hole in his small intestine, which allowed feces to leak into his body "[in a] form like concrete and [causing] most of [his] body [to be] infected." (Id. at 5). For relief, Plaintiff seeks "to be compensated for punitive damages and pains and suffering."[1] (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C.

---

[1] In Plaintiff's original Complaint, he stated that the dates of the violations were "Nov. 2009 to Feb. 5th." He also avers that because he has Crohn's Disease, he should not have been given the medicine that he was prescribed.

2

§ 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id., 490 U.S. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in

original).  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S.Ct. 1937).

**III. Discussion.**

Plaintiff's Complaint, which was dated July 18, 2012, was received by the United States District Court for the Middle District of Alabama on July 23, 2012. (Doc. 1 at 6).  The incident about which Plaintiff complains concluded on February 4 or 5, 2010. (Id. at 4; Doc. 9 at 4).  Thus, more than two years elapsed between the complained of incident and the filing of this action.

In Alabama, the statute of limitation for a § 1983 action

4

is two years. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); see also ALA. CODE § 6-2-38(l) (West 2013).  The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S. Ct. 573, 576, 102 L. Ed. 2d 594 (1989), because § 1983 does not contain a statute of limitations. Owens, 488 U.S. at 249-50, 109 S. Ct. at 582.  Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; accord McNair v. Allen, 515 F.3d 1168, 1170 (11th Cir. 2008) (applying the two-year statute of limitations to a § 1983 action).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S. Ct. at 1095.  Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a § 1983 action

5

accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Considering the tenor of Plaintiff's allegations, he knew of his injuries related to his medical treatment by February 5, 2009 or shortly thereafter.  It was at that time that Plaintiff had a complete cause of action against Defendant Lopez for the claim that he brings in this action.  Plaintiff, however, brought his claim to the Court's attention on July 23, 2012, when the Court received his complaint, which was signed and dated July 18, 2012. (Doc. 1 at 7).  Thus, the filing of the complaint occurred on a date between July 18, 2012 and July 23, 2012. Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988) (holding that the filing of a prisoner's complaint occurs when a prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners).  A determination of the specific filing date is not necessary because July, 2012 is well beyond two years from February 5, 2009.  As a consequence, the Court finds Plaintiff's action is barred by the two-year statute of limitations and is due to be dismissed with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an

6

affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 Fed. App'x 739, 739-40 (11th Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock);[2] cf. Bock, 549 U.S. at 215, 127 S. Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal for failure to state a claim).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." Eleventh Cir. R. 36-2 (2005).

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **6th** day of **June, 2013.**

                                **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**